CUDAHY PACKING COMPANY and D. K. MERRITT, *Plaintiffs in Error*, vs. ALMA C. CHADWICK, *Defendant in Error*.

137 So. 146.

Division A.

Opinion filed October 15, 1931.

Petition for rehearing denied November 18, 1931.

*Giles F. Lewis* and *Edward K. Goethe,* for Plaintiffs in Error;

*Lemire & Scott* and *Pleus, Williams & Pleus,* for Defendant in Error.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment. It is contended here that the verdict of the jury was excessive and that although there was a remittitur entered at the suggestion of the trial court to obviate an order granting a new trial, that the cause should be reversed because the

amount of the verdict shows that the jury was not controlled in the finding thereof by the evidence of damages sustained but was influenced by passion or the persuasion of counsel.

The record discloses that there was substantial evidence to have supported a judgment for the amount named in the verdict of the jury and, therefore, it could not be assumed that the jury was influenced by matters outside the evidence of the damage sustained. In view of this fact, when we consider the further fact that a remittitur was entered for one-half of the amount of the verdict and therefore the judgment as entered was for one-half of the amount of the verdict, there is no ground upon which to base a determination that the judgment as entered was excessive if the plaintiff was entitled to recover at all. The record shows that the defendant was liable; it is, therefore, considered, ordered and adjudged by the court that the said judgment of the Circuit Court be, and the same is hereby affirmed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.